UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MCGLYNN, | |
| Plaintiff, | Docket No. 19-cv-00089 |
| - against - | JURY TRIAL DEMANDED |
| TOWERS INVESTORS.COM INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff David McGlynn ("McGlynn" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Towers Investors.com Inc. ("Towers Investors" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Jeffrey Epstein, owned and registered by McGlynn, a New York based professional photographer. Accordingly, McGlynn seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant with its principal place of business in New York, in this judicial district.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. McGlynn is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 710 W.173 St. Apt. B, New York, NY 10032.

6. Upon information and belief, Towers Investors is a foreign for profit corporation duly organized and existing under the laws of Delaware, with a place of business 405 Lexington Ave., 26th Floor, New York, NY 10174. At all times material, hereto, Towers Investors has owned and operated a website at the URL: http://towersinvestors.com (the "Website").

7. The Website is commercial investor website, that also features a Blog which promotes Towers Investors' business, political activity, and point of view.

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

8. McGlynn photographed Jeffrey Epstein (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. McGlynn licensed the Photograph to the New York Post. On February 25, 2011 the New York Post ran an article that featured the Photograph titled *Billionaire Jeffrey Epstein: I'm a sex offender, not a predator.* See URL https://nypost.com/2011/02/25/billionaire-jeffrey-epstein-im-a-sex-offender-not-a-predator/. The New York Post article featured McGlynn's names in the gutter credit beneath the Photograph true and correct copy of the article is attached hereto as Exhibit B.

10. McGlynn is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-036-616, effective March 6, 2017.  See Exhibit C.

### B. Defendant's Infringing Activities

12. In or Around 2015, Towers Investors ran an article on the Website titled *Billionaire Jeffrey Epstein: I'm a sex offender, not a predator.*  See URL http://towersinvestors.com/blog/jeffery-epstien/. (the "Article") The Article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

13. Towers Investors did not license the Photograph from Plaintiff for its article, nor did Towers Investors have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Towers Investors infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Towers Investors is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph, and placed it on its Website without the gutter credit.

21. Upon information and belief, Towers Investors intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22. The conduct of Towers Investors violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Towers Investors' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Towers Investors intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright

in the Photograph. Towers Investors also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

25. As a result of the wrongful conduct of Towers Investors as alleged herein, Plaintiff is entitled to recover from Towers Investors the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Towers Investors because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Towers Investors statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Towers Investors be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant About be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501 and 17 U.S.C. § 1202, including removal of the Photograph from its website and servers;

4. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 25, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/JosephADunne
Joseph A. Dunne, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
JD@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
